UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| FRANCISCO JAVIER MARQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 21-185-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN GILLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner and federal inmate Francisco Javier Marquez is currently confined at the Federal Correctional Institution ("FCI")–Manchester in Manchester, Kentucky.  Proceeding without an attorney, Marquez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Record No. 1]  The matter is pending for initial screening as required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

## I.

In January 2009, and pursuant to a plea agreement with the United States, Marquez pled guilty in the United States District Court for the Western District of Texas to one count of possession with intent to distribute more than 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  *United States v. Marquez*, No. 4: 08-CR-291-RAJ (W.D. Tex. 2008).  The Presentence Investigation Report ("PSR") recommended

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

that Marquez be sentenced as a Career Offender under the United States Sentencing Guidelines based on two prior New Mexico convictions: possession of cocaine with intent to distribute and possession of a deadly weapon by a prisoner. *United States v. Marquez*, 626 F.3d 214, 215 (5th Cir. 2010). The second prior conviction is the focus of Marquez's current § 2241 petition.

Marquez had previously pled guilty to violating N.M. Stat. Ann. § 30-22-16, which prohibits the possession of a "deadly weapon" by "any inmate of a penal institution," the violation of which is a second-degree felony. N.M. Stat. Ann. § 30-22-16.[2] Marquez's indictment in his prior criminal case alleged "that he 'possess[ed] a deadly weapon, a club[,] contrary to Section 30–22–16, NMSA 1978,' while an 'inmate of the Bernalillo County Detention Center.'" *Marquez*, 626 F.3d at 215 (alterations in original). The PSR concluded that this offense constituted a "crime of violence" within the definition of U.S.S.G. §4B1.2(a).[3]

Prior to sentencing, Marquez objected to his Career Offender designation on the grounds that, in light of the United States Supreme Court's decision in *Begay v. United States*,

---

[2] Under the applicable New Mexico statute, "deadly weapon" includes "any weapon which is capable of producing death or great bodily harm, including but not restricted to…all such weapons…with which dangerous thrusts can be inflicted, including…bludgeons; or any other weapons with which dangerous wounds can be inflicted." N.M. Stat. Ann. § 30-1-12(B). "Great Bodily Harm" is defined as "an injury to the person which creates a high probability of death; or which causes serious disfigurement; or which results in permanent or protracted loss or impairment of the function of any member or organ of the body." N.M. Stat. Ann. § 30-1-12(A).

[3] When Marquez was sentenced, U.S.S.G. § 4B1.2(a)(2) defined "crime of violence" to include "any offense under federal or state law, punishable for a term exceeding one year, that…otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2009) (amended November 1, 2011; August 1, 2016). This provision is commonly referred to as the "residual clause."

553 U.S. 137 (2008),[4] his conviction for possession of a deadly weapon by a prisoner does not qualify as a "crime of violence" as defined by U.S.S.G. § 4B1.2. *See United States v. Marquez*, No. 4:08-cr-291-RAJ (W.D. Tex. 2008) at Record No. 37, 47 (Sentencing Transcripts); Record No. 39 (Defendant's Advisory and Brief to the Court). Marquez's counsel argued that the prior conviction did not qualify, in part, because "the New Mexico statute of which Mr. Marquez was convicted contains no requirement that the offender have any criminal intent whatsoever with respect to purposeful, violent and aggressive conduct directed towards other persons or property." *Id*. at Record No. 39 (Defendant's Advisory and Brief to the Court) at p. 3. The District Court rejected this argument, concluding that Marquez's prior conviction is a predicate "crime of violence," thus Marquez qualified as a Career Offender for purposes of the Sentencing Guidelines. *Id*. at Record No. 47 (Sentencing Transcript Vol. 2) at p. 13-15.

In April 2009, Marquez was sentenced to a term of imprisonment of 188 months, which was at the bottom of the recommended Guideline Range of 188-235 months. *Id*. at p. 15-16; Record No. 43 (Judgment). Marquez appealed his sentence to the United States Court of Appeals for the Fifth Circuit. On appeal, Marquez continued to argue that, in light of the analysis in *Begay*, his prior conviction for possession of a deadly weapon by a prisoner is not

---

[4] In *Begay*, the Supreme Court held that the similarly-worded residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), does not include a New Mexico felony offense for driving under the influence of alcohol. *Begay*, 553 U.S. at 142. The decision in *Begay* was later abrogated by the Supreme Court in *Johnson v. United States*, 576 U.S. 591, 606 (2015), which held that the residual clause of the ACCA was unconstitutionally "void for vagueness" under the Due Process Clause of the Fifth Amendment. However, in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886 (2017), the United States Supreme Court held that the residual clause of U.S.S.G. § 4B1.2(a)(2) is not subject to the same vagueness challenge under the Due Process Clause because of the advisory nature of the Sentencing Guidelines post-*United States v. Booker*, 543 U.S. 220 (2005). *Beckles*, 137 S. Ct. at 894. Marquez does not argue that he is entitled to relief in light of *Johnson*, nor could he in light of *Beckles*.

a "crime of violence" within the definition of U.S.S.G. § 4B1.2(a)(2), thus he was erroneously sentenced as a Career Offender under U.S.S.G. § 4B1.1.

The Fifth Circuit held in a published decision that Marquez's prior conviction was properly classified as a "crime of violence" under the United States Sentencing Guidelines. *Marquez*, 626 F.3d at 222-23. The majority rejected Marquez's argument that a New Mexico conviction for possession of a deadly weapon by a prisoner is a similar to the "strict liability" crimes identified as insufficient predicate offenses by the Supreme Court in *Begay* (such as driving under the influence or recklessly tampering with consumer products). It concluded that "[a] prisoner's possession of a deadly weapon is an intentional act 'associated with a likelihood of future violent...behavior in a way that' the strict liability crimes identified in *Begay* are not." *Id*. at 221 (quoting *Begay*, 553 U.S. at 148). The appellate court further explained that "an inmate may not intend to attack another person when he obtains a deadly weapon, but at a minimum his intentional possession of a deadly weapon signals his willingness to use it if, in his mind, the occasion warrants it." *Id*. at 222. The Fifth Circuit distinguished possession of a deadly weapon by an inmate from a generic felon in possession of a firearm offense because, while "[a] felon may be in possession of certain firearms, such as a pistol or hunting rifle, for recreational purposes, even though that possession is unlawful…[b]y contrast…, there is no purpose for possession of a deadly weapon in prison other than to have the means to initiate violence or respond to violence with violence." *Id*. at 222-23.

A majority of the Fifth Circuit panel rejected the dissent's attempt "to minimize the nature of Marquez's prior conviction by describing the club he possessed in prison, which was

made of a rolled, dried, and hardened magazine or other type of paper." *Id*. at 224.  As the

majority explained,

> Marquez has never contended that the club did not truly constitute a deadly
> weapon. Nor could he successfully do so in this court. He was convicted under
> New Mexico law of possessing a deadly weapon, and we cannot dismiss this
> judicial determination by attempting to diminish the dangerousness of the
> particular weapon he possessed. A factual determination was made in the prior
> state court proceedings that the club was capable of producing death or great
> bodily injury. We must accept that finding.

*Id*. at 225.

Marquez filed a motion to vacate, set aside, or correct sentence in the District Court

pursuant to 28 U.S.C. § 2255 in June 2012.  *United States v. Marquez*, No. 4:08-cr-291-RAJ

(W.D. Tex. 2008) at Record No. 53, 54.  Through this motion, he again argued that the

classification of his prior conviction as a predicate "crime of violence" for purposes of his

Career Offender enhancement was incorrect, arguing that the construction of a "simple

possession of a deadly weapon as a crime of violence" violated his due process rights.  *Id*. at

Record No. 53.  Marquez further challenged whether a "make-shift weapon made from an old

magazine while in an environment where survival is a necessary element" qualifies as a

predicate crime of violence "without any evidence of [Marquez's] intent to use violence." *Id*.

at Record No. 54, p. 11-13.  The District Court accepted the recommendation of the United

States Magistrate Judge (to which Marquez had not objected) and denied relief on this claim,

in part, because this issue "was raised, considered, and dismissed by the Fifth Circuit," thus

Marquez was procedurally barred from raising it in a § 2255 motion.  *Id*. at Record No. 63 at

p. 10; Record No. 65 at p. 12.

In 2016, Marquez sought authorization to file a second or successive motion pursuant

to 28 U.S.C. § 2255 to seek relief from the Career Offender enhancement in light of the

Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015).  However, the Fifth Circuit denied his request.  *In re: Francisco Javier Marquez*, No. 16-50549, No. 16-50648 (5th Cir. Jul 5, 2016 Order).

Marquez has turned his efforts to this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his petition, Marquez again challenges whether his prior conviction for possession of a deadly weapon by a prisoner qualifies as a "crime of violence" for purposes of his designation as a Career Offender under the Sentencing Guidelines.  [Record No. 1]  He argues that, as a factual matter, the item he possessed (which he states was made of a rolled up magazine that was improperly "reclassified" by New Mexico authorities as a club) does not qualify as a "deadly weapon."  Marquez maintains that, contrary to this reclassification, "[t]he weapon of possession by Mr. Marquez was indeed a magazine and at no point and time met the qualifications as a club and or [was] used to threaten and or strike anyone nor were there any attempts to strike anyone as such the magazine was misclassified criminally."  [Record No. 1 at p. 10]  He also challenges whether the item that he possessed was likely to produce "great bodily harm and or death" as defined by applicable New Mexico law.  [*Id*.]  Marquez urges this Court to "consider the charging document itself" from his prior conviction, as well as "the facts supporting a magazine is not a club" and determine that his prior conviction was not a "crime of violence."  [*Id*. at p. 12]

Marquez invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert these challenges to his sentence in a § 2241 petition.  However, the Court will dismiss the § 2241 petition for lack of subject-matter jurisdiction because Marquez cannot show that a motion under § 2255 is inadequate or ineffective to test his conviction or sentence.  *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

## II.

While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *Taylor*, 990 F.3d at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255. *Id*. "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).  In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495.  Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255 in the court that sentenced him.  *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention.  *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).  However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief.  *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).  Rather, to properly invoke the savings clause, a petitioner challenging his sentence must show that, after the petitioner's conviction became final, the United States Supreme Court

issued a retroactively applicable decision establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

In *Hill*, the Sixth Circuit clarified that a prisoner may only challenge his sentence in a § 2241 petition filed pursuant to § 2255(e) if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. Moreover, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to do so mandates dismissal of the petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Marquez cannot meet these requirements. First, in *Hill*, the Sixth Circuit further expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599. Marquez was sentenced in 2009, well after the Supreme Court's decision in *Booker* rendered the sentencing guidelines advisory rather than mandatory. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot

proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

In a subsequent decision, the Sixth Circuit permitted a prisoner to challenge his sentence enhancement in a § 2241 petition, even though he was sentenced under the advisory guidelines, where his sentence was above the otherwise applicable statutory maximum sentence. Thus, its imposition was a miscarriage of justice. *McCormick v. Butler*, 977 F.3d 521, 528-29 (6th Cir. 2020). However, *McCormick* is unavailing to Marquez because his 188-month sentence did not exceed the applicable statutory maximum sentence of 40 years (or 480 months).[5] For this reason, Marquez cannot show that his sentence represents a "miscarriage of justice" or a "fundamental defect."

Further, Marquez does not rely on a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required to proceed with his claim in a § 2241 petition via the savings clause of § 2255(e). *See Hill*, 836 F.3d at 600; *Hueso*, 948 F.3d at 326. In his § 2241 petition, Marquez specifically argues that he is entitled to proceed with

---

[5] Marquez was convicted of possession with intent to distribute more than 100 (but less than 1000) kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). Even without consideration of any prior serious drug offenses or violent felonies, under 21 U.S.C. § 841(b)(1)(B)(vii), the statutory sentencing range for this conviction is a term of imprisonment not less than 5 years and not more than 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(vii).

his claims in a § 2241 petition in light of the decisions of the United States Court of Appeals for the Sixth Circuit in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) and the United States Court of Appeals for the Seventh Circuit in *Bridges v. United States*, 991 F.3d 793 (7th Cir. 2021).   [Record No. 1 at p. 12-14]   However, neither of these decisions represents a retroactive change in statutory interpretation by the Supreme Court that is applicable to Marquez, as is required for him to raise such a claim in a § 2241 proceeding via the savings clause.   In *Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020), the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings."  *Id*. at 333 (emphasis added).

While Marquez also refers the categorical approach to statutory interpretation set forth by the United States Supreme Court in *Descamps v. United States*, 570 U.S. 254 (2013), he does not actually present an argument that is predicated on *Descamps*,[6] such as that the sentencing court incorrectly determined that his prior offense was committed under a "divisible" statute or that it improperly consulted *Shepard* materials to determine whether his prior conviction was a "crime of violence."   Rather, he argues that New Mexico's statute

---

[6] In *Descamps* and *Mathis v. United States*, 136 S.Ct. 2243 (2016), the Supreme Court clarified when a statute is "divisible" for purposes of determining whether a prior conviction qualifies as a valid predicate offense under the ACCA.   Under these cases, an underlying statute is "divisible" when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense.  *Mathis*, 136 S. Ct. at 2249, 2251-52.   In such circumstances, a sentencing court is permitted to apply the "modified categorical approach" and review the materials described in *Shepard v. United States*, 544 U.S. 13 (2005) - such as the indictment or jury instructions in the underlying trial – to determine whether the defendant was convicted of conduct that falls within the "generic" offense, and thus qualifies as a valid predicate under § 924(e).  *Descamps*, 570 U.S. at 257-258, 260-265 (describing the history of the "modified categorical approach"); *Mathis*, 136 S. Ct. at 2248-50 (citing *Richardson v. United States*, 526 U.S. 813 (1999)).

prohibiting the possession of a deadly weapon by a prisoner sweeps too broadly for a conviction under that statute to qualify as a "crime of violence" because it does not require proof of intent and because he was convicted of violating this statute after the magazine in his possession was improperly reclassified as a "club."

To the extent that Marquez argues that the New Mexico statute is overly broad, this is an argument based squarely upon *Taylor v. United States*, 495 U.S. 575, 599-66 (1990), not *Descamps* or *Mathis*, and it was available to Marquez at sentencing, on direct appeal, and when he filed his initial § 2255 motion. Thus, he cannot pursue it in a § 2241 petition. *Wright*, 939 F. 3d at 705 ("But as the government points out, Wright's claim never needed *Mathis*. To be sure, Wright could not cite *Mathis*, specifically, before it existed. But a claim for habeas relief is more than the talismanic force of a new case name. A new case matters only, if at all, because of the new legal arguments it makes available."). *See also Descamps*, 570 U.S. at 261 (noting that "*Taylor* recognized a 'narrow range of cases' in which sentencing courts — applying what we would later dub the 'modified categorical approach' — may look beyond the statutory elements to 'the charging paper and jury instructions' used in a case") (quoting *Taylor*, 495 U.S. at 602).

Moreover, Marquez cannot establish that he has had "no prior reasonable opportunity to bring his argument for relief" as required by *Wright* because he has raised his objections to the classification of his prior conviction as a "crime of violence" in other courts. Despite Marquez's references to *Descamps* and *Mathis*, the crux of Marquez's argument in his § 2241 petition is that his prior conviction does not qualify as a "crime of violence" because the item he possessed was improperly classified as a "club" and because he did not have a sufficient mens rea for the offense to qualify as a "crime of violence." [Record No. 1] However, these

are the same arguments that have been presented, thoroughly considered, and rejected by the sentencing court and the United States Court of Appeals for the Fifth Circuit.  In fact, in his § 2241 petition, Marquez maintains that he "has always objected to having been previously convicted of a crime of violence through his [diligent] efforts" in both the sentencing court and the Circuit Court of Appeals.  [Record No. 1 at p. 13] The fact that Marquez previously presented these claims and the fact that they were rejected does not render a motion under § 2255 "inadequate or ineffective" to test the legality of his sentence enhancements. *Copeland*, 36 F. App'x at 795.  Rather, because Marquez has had ample opportunities to raise his claims for relief, he may not raise them again in this Court in a § 2241 petition filed pursuant to the savings clause of § 2255(e). *Wright*, 939 F.3d at 706.

In summary, Marquez cannot establish that a § 2255 motion is inadequate or ineffective to challenge his sentence and he may not proceed in this matter via the savings clause of § 2255(e).  Accordingly, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Marquez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: January 24, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky